Bruce E. Baldinger, Esq. (01837-1984)
**THE LAW OFFICES OF BRUCE E. BALDINGER, LLC**
365 South Street
Morristown, NJ 07960
Phone: (908) 218-0060
Fax: (973) 270-0934
Attorneys for BMW of Ramsey

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT RIVANI and RJR REALTY, LLC | : |
| | : |
| Plaintiff, | : Civil Action No.: 23-cv-06329 |
| v. | : |
| | : |
| BMW OF RAMSEY, et. ano. | : |
| | : |
| Defendants | : |
| | : |

### ANSWER AND SEPARATE DEFENSES

Defendant BMW of Ramsey, through its counsel The Law Offices of Bruce E. Baldinger,

LLC, answers the Complaint of Plaintiffs as follows:

1. Admitted.

2. This party can neither admit nor deny and leaves Plaintiffs to their proofs.

3. This party can neither admit nor deny and leaves Plaintiffs to their proofs.

4. This party can neither admit nor deny and leaves Plaintiffs to their proofs.

5. Denied.

6. Admitted.

7. This party can neither admit nor deny and leaves Plaintiffs to their proofs.

8. The allegation is incomplete such that a response cannot be formed.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied as Plaintiffs have not established the amount of money wired.

15. The allegation is unintelligible and cannot be answered.

16. The allegation is vague and unclear as to which vehicle Plaintiffs are referring to and is therefore denied.

17. The allegation is vague in that "they" is not identified and could be the Plaintiffs, Defendants, the transportation company, or otherwise and must therefore be denied.

18. This part can neither admit nor deny and leaves Plaintiffs to their proof.

19. The allegation is vague in that "they" is not identified and could be the Plaintiffs, Defendants, the transportation company, or otherwise and must therefore be denied.

20. Denied.

21. The allegation is vague in that "Plaintiff" is not identified as to which of the two plaintiffs it refers to nor does Defendant have knowledge sufficient to form an answer as all facts rest with Plaintiffs.

22. The allegation is vague in that "Plaintiff" is not identified as to which of the two plaintiffs it refers to nor does Defendant have knowledge sufficient to form an answer as all facts rest with Plaintiffs.

23. The allegation is vague in that "Plaintiff" is not identified as to which of the two plaintiffs it refers to nor does Defendant have knowledge sufficient to form an answer as all facts rest with Plaintiffs.

24. The allegation is unintelligible and cannot be responded to.

25. The allegation is vague in that "Plaintiff" is not identified as to which of the two plaintiffs it refers to nor does Defendant have knowledge sufficient to form an answer as all facts rest with Plaintiffs.

26. The allegation is unintelligible and cannot be responded to.

27. This party can neither admit nor deny and leaves Plaintiffs to their proofs.

28. The allegation is unintelligible and cannot be responded to.  Moreover, this party can neither admit nor deny and leaves Plaintiffs to their proofs.

29. The allegation is unintelligible and cannot be responded to.

30. This party can neither admit nor deny and leaves Plaintiffs to their proofs.

31. Denied.

32. The allegation is unintelligible and cannot be responded to.

## Count I

33. This answering Defendant repeats the responses to averments 1 through 32 as if set forth at length herein.

34. Plaintiffs have not identified which defendant they are referring to.  As to this answering Defendant, the allegations are denied.

35. Denied.

36. The allegation is a statement of law and not one in which a response is required.

37. The allegation is an improper rendering of the law to which no answer is required.

38. The allegation is an improper rendering of the law to which no answer is required.

39. The allegation is an improper rendering of the law to which no answer is required.

40. The allegation is an improper rendering of the law to which no answer is required.

41. The allegation is an improper rendering of the law to which no answer is required.

42. Plaintiffs have not identified which defendant they are referring to.  As to this answering Defendant, the allegations are denied.

WHEREFORE, this answering Defendant demands the dismissal of the First Count along with attorney's fees and costs of suit.

## COUNT II

43. This answering Defendant repeats the responses to averments 1 through 32 as if set forth at length herein.

44. The allegation is compound.  As to the first sentence, Plaintiffs do not identify which of the defendants they are referring to.  It is admitted that this answering Defendant sold a vehicle to Plaintiffs.  The second sentence contains a legal statement to which no response is required.

45. The allegation is an improper rendering of the law to which no answer is required.

46. The allegation is an improper rendering of the law to which no answer is required.

47. The allegation is an improper rendering of the law to which no answer is required.

48. Plaintiffs have not identified which defendant they are referring to.  As to this answering Defendant, the allegations are denied.

WHEREFORE, this answering Defendant demands the dismissal of the First Count along with attorney's fees and costs of suit.

**COUNT III**

49. This answering Defendant repeats the responses to averments 1 through 32 as if set forth at length herein.

50. Plaintiffs have not identified which defendant they are referring to.  As to this answering Defendant, the allegations are denied.

51. Plaintiffs have not identified which defendant they are referring to.  As to this answering Defendant, the allegations are denied.

52. Plaintiffs have not identified which defendant they are referring to.  As to this answering Defendant, the allegations are denied.

53. The allegation is unintelligible and must be denied.

54. Plaintiffs have not identified which defendant they are referring to.  As to this answering Defendant, the allegations are denied.  This defendant also is unaware of the usage of "they."

WHEREFORE, this answering Defendant demands the dismissal of the First Count along with attorney's fees and costs of suit.

**COUNT IV**

55. Plaintiffs have not identified which defendant they are referring to or which plaintiff they are referring to.  As to this answering Defendant, the allegations are denied.

56. This defendant is unaware of the defined "Purchase Contract" and otherwise denied the allegations.

57. Denied.

58. Denied.

59. Plaintiffs have not identified which defendant they are referring to.  As to this answering Defendant, the allegations are denied.

60. The allegation is a statement of law and not one which requires a response.

61. Denied.

62. Denied.

63. The allegation is a statement of law and not one which requires a response.

64. Plaintiffs have not identified which defendant they are referring to.  As to this answering Defendant, the allegations are denied.

65. Denied.

WHEREFORE, this answering Defendant demands the dismissal of the First Count along with attorney's fees and costs of suit.

## COUNT V

66.  The allegation is a statement of law and not one which requires a response.

67.  Plaintiffs have not identified which defendant they are referring to.  As to this answering Defendant, the allegations are denied.

WHEREFORE, this answering Defendant demands the dismissal of the First Count along with attorney's fees and costs of suit.

*/s/ Bruce E. Baldinger*

_____

Bruce E. Baldinger, Esq.
The Law Offices of Bruce E. Baldinger, LLC
Attorney for Defendant BMW of Ramsey

Dated: 09/11/2023

### NOTICE OF AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

In further response to the Complaint, Defendants state that they will rely upon the following affirmative and additional defenses if applicable and if supported by appropriate facts:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant object to Plaintiffs' failure to join all claims against Defendants.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrine of unclean hands, by laches, by the applicable statutes or other periods of limitation whether as a matter of law and/or agreement of the parties.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs lack the requisite standing to maintain or participate in this suit.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, due to their own acts or omissions which are a proximate cause of and/or contributed to the loss and/or injuries alleged in this litigation inclusive of the continued use and abuse of the vehicle while in their possession.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

### SEVENTH AFFIRMATIVE DEFENSE

The proximate cause of Plaintiffs' injuries, if any, is the conduct of others and not that of any or all of Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter of some or all Counts in Plaintiffs' Complaint.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, in whole or in part, are barred by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part by the doctrines of discharge, payment, release, and/or accord and satisfaction.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable Statute(s) of Frauds and/or the parole evidence rule.

## TWELVETH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend their Answer and to add additional or other affirmative or special defenses or to delete or withdraw affirmative or special defenses as may become necessary.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have unclean hands.

WHEREFORE, Defendant BMW of Ramsey deny they are liable to Plaintiffs and request that the Court dismiss Plaintiffs' Complaint in its entirety, with prejudice, and award Defendant their costs and attorneys' fees incurred in the defense of this matter.

*/s/ Bruce E. Baldinger*

Bruce E. Baldinger, Esq.
The Law Offices of Bruce E. Baldinger, LLC
Attorney for Defendant BMW of Ramsey

Dated: 09/11/2023